**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTANA DE JESUS MEJIA, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 11-72369 Agency No. A200-006-404 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Santana de Jesus Mejia, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.   We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the agency's determination that Mejia did not demonstrate he suffered past persecution in Guatemala. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (record did not compel the finding that petitioner suffered past persecution, particularly where petitioner did not suffer any significant physical harm); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation and citation omitted). Substantial evidence also supports the agency's determination that Mejia failed to demonstrate it is more likely than not he would be harmed if returned to Guatemala. *See Nagoulko*, 333 F.3d at 1018 (possibility of future persecution "too speculative"). Thus, Mejia's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**